114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
REPUBLIC OF the PHILIPPINES, Plaintiff-Appellant,
and
the Golden Budha Corporation, Plaintiff-intervenor,
v.
Ferdinand E. MARCOS, Defendant,
and
LEI Investments, Ltd., Defendant-Appellee.
 No. 96-16246.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1997.
Decided May 22, 1997.
 
 Before: WHITE,* Associate Justice, Retired, and CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Republic of the Philippines appeals a district court judgment that dissolved a permanent injunction. The district court dissolved the injunction after holding an evidentiary hearing. On appeal, the Republic contends that the district court erred by refusing to grant its request to continue the hearing so that it could secure the presence of an absent witness. We conclude that, although the district judge could have granted a continuance, he did not abuse his discretion by refusing to do so. See United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), amended, 764 F.2d 675 (1985) (indicating that the decision to grant or deny a continuance is within the "broad discretion" of the district court).
 
 
 3
 First, the Republic was not entirely diligent in avoiding the need for a continuance. See id. at 1359-62. Although the district court's order arguably suggested that affidavits would be admissible at the hearing, the Republic appears to have had some notice that it might need to produce witnesses. It nonetheless made no effort to clarify the issue with the court or to contact its main witness, Senator Salonga, and instead relied on its interpretation of the order. Second, the Republic did not show that it probably could produce its witness if the judge granted the continuance. See United States v. Hoyos, 573 F.2d 1111, 1114 (9th Cir.1978). The Republic's counsel was unsure whether Senator Salonga could travel from the Philippines, and had not even spoken to him at the time of the motion for continuance. Third, we are not convinced that the denial of the continuance prejudiced the Republic. See Martel v. County of Los Angeles, 56 F.3d 993, 995 (9th Cir.), cert. denied, 116 S.Ct. 381 (1995). At least some of the pivotal testimony that it hoped to elicit from Senator Salonga appears to be inadmissible hearsay.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Byron R. White, Associate Justice, United States Supreme Court, (Ret.), sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3